**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

V.P.M., INCORPORATED,
Plaintiff-Appellant,

v.

MCLAREN HART ENVIRONMENTAL
ENGINEERING CORPORATION,
Defendant-Appellee.

No. 98-1740

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Terrence W. Boyle, Chief District Judge.
(CA-97-35-4-BO)

Submitted: November 24, 1998

Decided: August 3, 1999

Before ERVIN, WILLIAMS, and MOTZ,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Martin Futrell, MICHAEL W. STRICKLAND & ASSOCIATES,
P.A., Raleigh, North Carolina, for Appellant. Johnny M. Loper,
Christine Sandez, WOMBLE, CARLYLE SANDRIDGE & RICE,
P.L.L.C., Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

V.P.M., Inc., appeals from the district court's order granting summary judgment to McLaren Hart Environmental Engineering Corporation (McLaren Hart) on V.P.M.'s action alleging breach of contract and professional negligence/malpractice. V.P.M. contends that the district court erred in applying the four-year statute of repose applicable to professional malpractice actions in North Carolina, rather than the six-year period applicable to claims arising out of defects in improvements to real property. Finding no error, we affirm.

In March 1991, V.P.M.'s predecessor negotiated with General Electric Capital Corporation (GECC) for the purchase of Vernon Park Mall in Kinston, North Carolina.* Based on its concern over possible environmental hazards, V.P.M. requested an environmental inspection of the mall property. The realtor handling the sale, John Kane, entered into a contract with McLaren Hart to conduct an environmental inspection of the mall property, including soil vapor surveys, visual asbestos inspection, and sampling tests. After GECC approved the release of the reports, McLaren Hart prepared and delivered an updated report and summary of the environmental testing to Kane on or about July 26, 1991. Based on McLaren Hart's representations in the report, V.P.M. purchased the mall in August 1991.

In 1996, during renovations to the Belk's Store, V.P.M. discovered asbestos in the ceiling tiles, requiring an immediate abatement at a cost of over $200,000. V.P.M. then filed this action against McLaren Hart on January 23, 1997, alleging breach of contract and professional negligence/malpractice based on its failure to properly test the Belk ceiling tiles. The district court granted summary judgment in favor of

_____

*V.P.M., Inc., incorporated in July 1991 for the sole purpose of purchasing the mall.

2

McLaren Hart, finding that the action was barred by the four-year statute of repose applicable to professional malpractice actions in North Carolina. V.P.M. appeals.

We review a grant of summary judgment de novo. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only when the court, viewing the record as a whole and in the light most favorable to the non-moving party, finds there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986).

Section 1-15 of the North Carolina General Statutes applies to causes of action for professional malpractice arising out of the performance or failure to perform professional services based on negligence or breach of contract. See N.C. Gen. Stat.§ 1-15(c) (1997). Section 1-15(c) establishes a four-year statute of repose that accrues on the date of the "last act of the defendant giving rise to the cause of action." Id. The statute is intended"to apply to malpractice claims against all professionals who are not dealt with more specifically by some other statute." Trustees of Rowan Technical College v. J. Hyatt Hammond Assoc., Inc., 328 S.E. 2d 274, 279 (N.C. 1985).

Section 1-50 applies to claims arising out of defects in improvement to realty caused by the performance of designers and builders. See N.C. Gen. Stat. § 1-50 (1997). Section 1-50 is "in essence, an architect's and builder's malpractice statute." Trustees of Rowan Technical College, 328 S.E.2d at 280. The statute is "specifically applicable to architects and others who plan, design or supervise construction, or who construct improvements to real property." Id. at 279.

V.P.M.'s claims arise out of McLaren Hart's alleged negligent performance of, or failure to perform, professional services--not out of defects in improvement to the property caused by McLaren Hart's performance. Accordingly, we find that the four-year statute of repose applies to V.P.M.'s claims. Therefore, the action must have been filed within four years of the issuance of the Environmental Assessment Report on July 26, 1991, which was the last act giving rise to the cause of action. See N.C. Gen. Stat. § 1-15(c). Because V.P.M. did

3

not file this action until January 23, 1997, the district court properly granted summary judgment to McLaren Hart and we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4